UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

GRAHAM WYLIE,

        Plaintiff,

v.

POWERSCREEN INTERNATIONAL
DISTRIBUTION, LTD, and
POWERSCREEN USA, LLC,

        Defendants.

3:16-cv-00464 (CSH)

JANUARY 30, 2017

**RULING ON DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT [DOC. 31]**

**HAIGHT, Senior District Judge:**

**I.    Background**[1]

Defendant Powerscreen International Distribution Ltd. manufactured a Powerscreen Warrior 1800 Screener (the "Screen") and distributed it to Defendant Powerscreen USA, LLC a product seller and distributor in the United States, who in turn sent the screen to Powerscreen Connecticut, LLC in Connecticut. Doc. 1 at 1. Powerscreen Connecticut, LLC employed Plaintiff Graham Wylie. *Id.* On March 24, 2014, while demonstrating the product to a customer, Plaintiff fell off the end of the platform of the product and broke his spine. *Id.* at 4-5 ¶¶ 9-22. Plaintiff alleges that the Screen was defectively designed and manufactured with insufficient warnings. *Id.* at 6 ¶ 27.

Plaintiff filed the instant action on March 22, 2016. Doc. 1. Plaintiff brings two Connecticut products liability claims in this action: (1) a claim pursuant to Conn. Gen. Stat. § 52-572m *et seq.*

---

[1] The facts recounted here are assumed only for purposes of this Ruling.

against manufacturer Powerscreen International Distribution Ltd., and (2) a claim pursuant to Conn. Gen. Stat. § 52-572m *et seq.* against Powerscreen USA, LLC as seller of the product.  *Id.* at 6 ¶ 23. Plaintiff's Complaint recites that he cannot directly sue his employer, Powerscreen Connecticut, LLC by statute.  *Id.* at 4 ¶ 8.  Plaintiff seeks monetary damages, costs associated with the litigation and any other remedies deemed appropriate by this Court.  *Id.* at 14.

The Court has jurisdiction over this action solely based on the diversity of citizenship.  28 U.S.C. § 1332.  Defendants filed an Amended Answer to Plaintiff's Complaint on June 7, 2016. Docs. 21-22.  The Court entered a Scheduling Order on June 13, 2016 with the deadline for the completion of fact discovery on or before April 28, 2017.  Doc. 26.

On December 21, 2016, Defendants filed the instant motion ("Motion") for leave to file a third party complaint against Plaintiff's employer, Powerscreen Connecticut, LLC asserting "a contractual right of indemnity that the Defendants possess against Powerscreen Connecticut, which requires Powerscreen Connecticut to defend, indemnify, and hold the Defendants harmless for Plaintiff's claim" in this action.  Doc. 31 at 1.  Defendants have attached its proposed third party complaint as Exhibit A to its motion and filed a Memorandum of Law ("Defs. Br.") in support of their motion.  Doc. 31.  The contractual indemnity comes from the "Terms and Conditions on Invoice PS1-005132 and the Machine Sales Order and Confirmation issued by Powerscreen USA" related to the Screen.  Doc. 31, Ex. A ¶ 11.

In support of their motion, Defendants argue that allowing leave to serve the third party complaint supports judicial economy by saving Defendants from filing an entirely separate action. Defs. Br. at 3.  Defendants assert that their claim will not in any way prejudice Plaintiff or impact his damages and that the claim will not unduly complicate the case or delay the trial because it is

a "simple contractual claim" and the case is "still in the early stages of discovery." *Id.* Defendants also argue that the claim is not "obviously unmeritorious" as it is based on "clear, express contractual language providing them with a right[] of defense and indemnity." *Id.*

Plaintiff did not respond or object to Defendant's motion for leave to file the third party complaint. The time to file such a response has expired. *See* D. Conn. L. Civ. R. 7(a)(2) ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion."). The Motion is ripe for decision.

## II.     Standard of Review

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Rule 14(a) "promote[s] judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." *Hines v. Citibank, N.A.*, No. 96-2565, 1999 WL 440616, *2 (S.D.N.Y. June 28, 1999) (citing *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 54 (S.D.N.Y. 1991)); *see also Rodolico v. Unisys Corp.*, 189 F.R.D. 245, 249 (E.D.N.Y. 1999). Nonetheless, "the right to implead third parties is not automatic." *Consol. Rail Corp. v. Metz*, 115 F.R.D. 216, 218 (S.D.N.Y. 1987) (citing *Oliner v. McBride's Indus., Inc.*, 106 F.R.D. 14, 20 (S.D.N.Y. 1985)).

"The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam) (citing *Laffey v. Nw. Airlines, Inc.*, 567 F.2d 429, 477 (D.C. Cir. 1976)); *see also Nova Prods. Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (citing *Kenneth*

*Leventhal & Co.*, 736 F.2d at 31). Leave should be "freely granted 'unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *Wilson v. Home Depot U.S.A., Inc.*, No. 11-1000, 2012 WL 5463298, at *1 (D. Conn. Nov. 8, 2012) (quoting *Farrell Family Ventures, LLC v. Sekas Assocs., LLC*, 863 F. Supp. 2d 324, 331 (S.D.N.Y. 2012)).

In general, "[i]mpleader is appropriate when the third-party defendant's liability to the third-party plaintiff is dependent upon the outcome of the main claim or the third-party defendant is potentially secondarily liable as a contributor to the defendant." *Id.* (quoting *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003)) (internal quotation marks omitted); *see also Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000) ("To sustain an impleader action, the third-party . . . must be liable secondarily to the original defendant . . . for all or part of the plaintiff's . . . recovery . . . . This means that the impleader action must be dependent on, or derivative of, the main . . . claim." (citations, internal quotation marks, and bracketed material omitted)). Thus, impleader is often "successfully utilized when the basis of the third-party claim is indemnity." Charles Alan Wright et al., 6 *Fed. Prac. & Proc.* § 1446, at 377 (3d ed. Westlaw April 2016).

### III. Discussion

Before considering the substance of Defendants' third party claim, it is incumbent on the Court to determine whether there is adequate subject matter jurisdiction over that claim. Defendants assert that jurisdiction over the third party claims exists pursuant to this Court's supplemental jurisdiction, 28 U.S.C. § 1367. *See* Defs. Br. at 2. Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  *Id.*  "It is well-settled that a third-party action for indemnification comes within a court's ancillary jurisdiction."  *Bank of India*, 239 F.3d at 436-37.  Thus, the Court has subject matter jurisdiction over Defendants' third party claim pursuant to § 1367.[2]

The Court next examines the substance of the proposed third party claim to determine whether it alleges an "obviously unmeritorious claim."  *See Wilson*, 2012 WL 5463298, at *1 (internal quotation marks and citation omitted).  Pursuant to Connecticut state law,[3] "to state a contract-based indemnification claim, the claimant must allege either an express or implied contractual right to indemnification."  *Danbury Bldgs., Inc. v. Union Carbide Corp.*, 963 F. Supp. 2d 96, 103 (D. Conn. 2013) (internal quotation marks and citation omitted).  Defendants' Third Party

---

[2] The exceptions that permit a Court to decline the exercise of supplemental jurisdiction, 28 U.S.C. § 1367(c)(1)-(4), are inapplicable here.

[3] Neither Defendants' brief nor the Third Party Complaint assert which state law would apply to determine the contractual indemnity claim.  The Court assumes that Connecticut law would apply as it appears to have the most significant relationship to the contract.  *See Levy v. Gen. Elec. Co.*, No. 15-857, 2015 WL 7722389, *2 (D. Conn. Nov. 30, 2015) (holding that in diversity cases a "Connecticut federal court will apply Connecticut's choice of law rules" and that choice of law for a contract claim is "determined according to the most significant relationship test of the Restatement (Second) Section 188, which provides that unless another state has an overriding policy-based interest in the application of its law, the law of the state in which the bulk of the contracting transactions took place should be applied" (citing *Reichhold Chems., Inc. v. Hartford Accident & Indem. Co.*, 243 Conn. 401, 414 (1997))).  To the extent Defendants seek to apply another state's laws or assert a different legal basis for such a claim, Defendants must so correct the Third Party Complaint and file a corrected motion seeking leave of this Court to serve such a Complaint.

Complaint asserts one cause of action, contractual indemnification based upon an express provision in the "Terms and Conditions on Invoice PS1-005132 and Machine Sales Order and Confirmation." Doc. 31, Ex. A ¶ 11. The indemnity included in the agreement appears to cover claims made by Powerscreen Connecticut, LLC's employees, even those based on the negligence "relating to the manufacture [and] design" of the Screen. *Id.* ¶ 12. Thus, Defendants have plausibly alleged a contractual indemnification claim against Powerscreen Connecticut, LLC.[4]

## IV.   Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion for Leave to File Third-Party Complaint (Doc. 31). Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendants may serve a summons and their third-party complaint upon Powerscreen Connecticut, LLC forthwith and e-file said third-party complaint on or before **February 3, 2017**. The Court notes that the deadlines already set for this action must be adhered to unless a party or third party files for an extension, which will only be granted for good cause shown.

---

[4] Despite Connecticut's worker's compensation statutory scheme that makes it the exclusive remedy for employees' claims against employers (thus shielding them from products liability actions), Defendants may likely maintain their indemnity claim against Plaintiff's employer in light of the independent contractual obligation. *See Thibeault v. Mark Indus.*, No. 50-43-96,1992 WL 361779, at *1-2 (Conn. Super. Ct. Nov. 30, 1992) (applying independent relationship test to products liability indemnification claim against employer); *see also Barry v. Quality Steep Prods. Inc.*, 263 Conn. 424, 451 (2003).

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
          **January 30, 2017**

                                                */s/ Charles S. Haight. Jr.*
                                               **CHARLES S. HAIGHT, JR.**
                                               **SENIOR UNITED STATES DISTRICT JUDGE**