**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GRAHAM WYLIE,<br><br>　　　　　　Plaintiff,<br>v.<br><br>POWERSCREEN INTERNATIONAL<br>DISTRIBUTION, LTD, and<br>POWERSCREEN USA, LLC,<br><br>　　　　　　Defendants,<br><br>v.<br><br>POWERSCREEN CONNECTICUT, LLC.,<br><br>　　　　　　Third Party Defendant. | 3:16-cv-00464 (CSH)<br><br><br><br>**May 24, 2017** |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND
THIRD PARTY COMPLAINT [DOC. 40]**

**HAIGHT, Senior District Judge:**

The Court considers the Motion for Leave to Amend (Doc. 40), filed by Defendants Powerscreen International Distribution, Ltd. and Powerscreen USA, LLC ("Defendants"), with regards to their Third Party Complaint (Doc. 34). The only amendment sought is to correct the misnomer of Third Party Defendant Powerscreen Connecticut Inc. ("Third Party Defendant"), which the Third Party Complaint named, incorrectly, as "Powerscreen Connecticut, LLC." *See* Docs. 34, 40. Following the filing of the instant Motion, Third Party Defendant filed a Motion for Extension of Time (Doc. 42), requesting an extension of thirty days' time, to Sunday, June 18, 2017, "to

respond to the Third Party Complaint dated April 27, 2017."[1]  Doc. 42 at 1.  This Order will also dispose of that Motion for Extension.

**I.       Background**

Plaintiff Graham Wylie brought the initial product-liability Complaint (Doc. 1) against Defendants under the diversity jurisdiction of this Court.  In that Complaint, Plaintiff referred to his employer as "Powerscreen Connecticut, LLC."  Doc. 1 at 1.  On December 21, 2016, Defendants filed a motion (Doc. 31) for leave to file a third party complaint against Plaintiff's employer, identified as "Powerscreen Connecticut, LLC," asserting "a contractual right of indemnity that the Defendants possess against Powerscreen Connecticut, which requires Powerscreen Connecticut to defend, indemnify, and hold the Defendants harmless for Plaintiff's claim" in this action.  Doc. 31 at 1.  This Court, in a prior Ruling (Doc. 32), familiarity with which is assumed, granted Defendants' motion, and the Third Party Complaint (Doc. 34) was duly filed and served upon Third Party Defendant, at the correct business address, though under an incorrect corporate moniker.  *See* Executed Summons, served on "Powerscreen Connecticut, LLC," Doc. 37.  Third Party Defendant's response to that Complaint was due by February 27, 2017.  No response was filed until May 18, 2017, when Third Party Defendant's counsel entered a Notice of Appearance (Doc. 41) and the aforementioned Motion for Extension of Time (Doc. 42).

**II.      Standard of Review**

Pre-trial amendment of pleadings is governed by Federal Rule of Civil Procedure 15(a).  As the instant Motion was filed more than 21 days after the time when a response to the Third Party

---

[1] As discussed further *infra*, this Motion for Extension is improper, as, up until the filing of this Order, the operative third party complaint in this matter has been the (Doc. 34) February Complaint, to which Third Party Defendant made no timely response.

Complaint which it seeks to amend would have been due, any amendment must be made under the authority of Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* Fed R. Civ. P. 15(a)(1). As Third Party Defendant did not provide written consent for the amendment, the proposed amendment requires leave of the Court.[2] "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought [to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. Discussion

Third party complaints are filed by leave of the court, and a third party complaint should not be allowed if it "would foster an obviously unmeritorious claim." *Wilson v. Home Depot U.S.A., Inc.*, No. 11-1000, 2012 WL 5463298, at *1 (D. Conn. Nov. 8, 2012) (quoting *Farrell Family Ventures, LLC v. Sekas Assocs., LLC*, 863 F. Supp. 2d 324, 331 (S.D.N.Y. 2012)). Accordingly, this Court reviewed the single claim in Defendants' proposed third party complaint (Doc. 31-1) prior to granting Defendants' Motion for Leave to File (Doc. 31). This Court's Ruling (Doc. 32) concluded that "Defendants have plausibly alleged a contractual indemnification claim against Powerscreen Connecticut, LLC." Doc. 32 at 6. The proposed amended complaint is identical to the presently operative Third Party Complaint (Doc. 34), in every particular but one – the name of the

---

[2]The Court notes that Third Party Defendant has not filed any objection to the instant Motion, only the aforementioned Motion for Extension (Doc. 42).

third party defendant. Thus, following this Court's conclusion that the first Third Party Complaint "plausibly alleged a contractual indemnification claim," and taking into consideration Exhibit A to Defendants' Brief in support of this Motion, which demonstrates that the Third Party Defendant is, indeed, incorporated under the name "Powerscreen Connecticut Inc.," the Court is satisfied that amendment would not be futile. *See* Defendants' Brief, Ex. A, Doc. 40-3. In the absence of any "apparent or declared reason," such as the factors enumerated by *Foman*, leave to amend should thus be granted.

Further, Defendants' Brief asks the Court to consider the notes of the 1991 Advisory Committee regarding the amendment of Federal Rule of Civil Procedure 15. Doc. 40-2, at 2. In discussing Rule 15(c)'s provisions as to amended pleadings' relation back to the date of original pleadings, the 1991 Committee advised that "[i]f the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification." Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment. The Committee justified its amendment of Rule 15(c) as necessary "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *Id*. While the present case currently presents no statute of limitations issue implicating the relation-back doctrine, the 1991 Committee's rationale would also argue for allowing amendment in the instant case, where Third Party Defendant was put on notice as to the existence of a possible claim against it by the service of the misnamed Third Party Complaint in February 2017. *See* Executed Summons, Doc. 37. As the *Foman* Court said, under the Federal Rules, "the purpose of pleading is to facilitate a proper decision on the merits." 371 U.S. at 182 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Defendants might have avoided their error, and

a good bit of inconvenience for all parties concerned, by confirming the identity of Plaintiff's employer before they filed a claim in federal court against that employer. But to disallow the correction of that oversight, where no prejudice has resulted from it, would frustrate the purpose of pleadings under the Federal Rules, not to mention the interests of judicial economy embodied by Rule 14's provisions for third-party impleader.

**IV. Conclusion**

For the foregoing reasons, the Court hereby GRANTS Defendants' unopposed Motion for Leave to Amend the Third-Party Complaint (Doc. 40). Defendants must file and serve the amended third party complaint, as proposed, on or before **Wednesday, May 31, 2017**.

Third Party Defendant's Motion for Extension of Time (Doc. 42) is hereby DISMISSED as moot; by order of this Court Third Party Defendant must file its response on or before **Friday, June 16, 2017**. The Court notes that this deadline, like the deadlines already set for this action, must be adhered to unless a Party or Third Party files for an extension. Extensions will only be granted for good cause shown, and all applications for extension must comply with Local Rule of Civil Procedure 7(b).

**It is SO ORDERED.**

**Dated: New Haven, Connecticut
        May 24, 2017**

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Charles S. Haight. Jr._
　　　　　　　　　　　　　　　　　　　　　　　**CHARLES S. HAIGHT, JR.
　　　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE**